IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SILVIA G. MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. DKC-13-237 |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**MOTION TO DISMISS & INCORPORATED**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

The United States of America,[1] by and through undersigned counsel, respectfully moves the Court to dismiss Plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to serve the United States with process within 120 days of filing the complaint, as required by Federal Rule of Civil Procedure 4(m).

**I.     Introduction**

In this case, the Court has already once extended the time for service after the expiration of the service period without deciding the issue of whether Plaintiff had demonstrated good cause. (Dkt. No. 9.) Yet, again, Plaintiff has failed to comply with the requirements of Rules 4(i) and 4(m) by failing to serve the U.S. Attorney within the additional service period provided by the court in its June 25, 2013 Order. (Dkt. No. 9; Dorsey Decl. ¶ 5, 7.)

---

[1]     28 U.S.C. § 2679 provides that the exclusive remedy in tort actions seeking money damages resulting from the alleged negligence of an agent or employee of the United States -- such as the instant case -- is against the United States, as provided by the Federal Tort Claims Act, 28 U.S.C. § 1346.  Therefore, only the United States is a proper party defendant, and this court does not have jurisdiction as to the "United States Postal Service".

**II.     Factual and Procedural Background**

On January 23, 2013, Plaintiff filed this lawsuit against the United States of America and the United States Postal Service for damages resulting from a motor vehicle accident in Maryland, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq*.   (Complaint ¶ 1.)  The next day, the Court issued summons as to Defendants, which were forwarded to Plaintiff. (Dkt. No. 2.)

As of May 28, 2013, 125 days had elapsed since Plaintiff filed this lawsuit.  The Court entered a paperless request for a status report addressing the issue of service.  (Dkt. No. 3.)  Plaintiff, however, still had not filed documentation with the court to establish that service of process had been effected on the Defendants and did not respond to the Court's request for a status report.  Therefore, on June 13, 2013, the Court entered an Order for the Plaintiff to show cause why the complaint should not be dismissed without prejudice pursuant to FED.R.CIV.P. 4(m).  (Dkt. No. 4.)

On June 25, 2013, Plaintiff filed a Response to the Show Cause Order explaining that the email notification address on file for Plaintiff's counsel, Kenneth Coughlan, was out-of-date, and that counsel mistakenly believed that his email notification address had been updated to Kenneth.Coughlan@AnneHokeLaw.com.  (Dkt. No. 8, at 1.)  Mr. Coughlan explained that as a result of this error, the summons had gone "unnoticed until recently," but that it was "ready to be served immediately pending the Court's determination on the Plaintiff's request for an extension of time."  (*Id*., at 2.)  That same day, the Court entered an order approving Plaintiff's request for an additional thirty (30) days from the date of the order to serve Defendants, or by July 25.  (Dkt. No. 9.)  However, Plaintiff did not the mail the summons and complaint to the United States Attorney for the District of Maryland (the "U.S. Attorney") until August 15, 2013—three weeks

later, and the U.S. Attorney did not receive the summons and complaint until August 19, 2013 –

fifty-five (55) days later.  (Declaration of Tiffany Dorsey ¶ 5, 7.)

**III.    Argument**

To serve the United States, a plaintiff must: (1) deliver a copy of the summons and complaint to the U.S. Attorney for the district in which the suit is brought, or send a copy of the summons and complaint to the civil process clerk at the office of the U.S. Attorney; and (2) send a copy of the summons and complaint by registered or certified mail to the Attorney General. Fed. R. Civ. P. 4(i)(1)(A), (B).

Under Rule 4(m), if service is not made within 120 days after the filing of the complaint, the court must dismiss the action without prejudice or direct that service be effected within a specified time.  Fed. R. Civ. P. 4(m).  If a plaintiff "shows good cause for the failure" to comply with the 120-day deadline, Rule 4(m) provides that the time for service must be extended for "an appropriate period." *Id.*

To establish good cause, the plaintiff must demonstrate that she made "reasonable, diligent" efforts to effect service. *Uzoukwu v. Prince George's Cmty. College Bd. Of Trs.*, No. DKC-12-3228, 2103 U.S. Dist. LEXIS 84452, at *5 (D.Md. June 17, 2013); *Burns & Russell Co. of Balt. v. Oldcastle, Inc.* 166 F. Supp. 2d 432, 439 n.9 (D.Md. 2001); *Hammad v. Tate Access Floors, Inc*. 31 F. Supp. 2d 524, 528 (D. Md. 1999).

> Good cause may be found, for example, where a defendant is evading service; where the plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a pro se plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired.  The common thread in all these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule.

*Uzoukwu*, 2103 U.S. Dist. LEXIS 84452, at *5-6.

In addition, where—as here—a plaintiff does not seek an extension of time for service before the expiration of the original time or its extension, she must also meet the "demanding standard" of showing that the delay resulted from "excusable neglect" within the meaning of *Rule 6(b)*. *Uzoukwu*, 2103 U.S. Dist. LEXIS 84452, at *n.2 (quoting *Knott v. Atl. Bingo Supply, Inc.*, No. JFM-05-1747, 2005 U.S. Dist. LEXIS 37780, 2005 WL 3593743, at *1 (D.Md. Dec. 22, 2005)). The most important factor for determining whether a plaintiff has established "excusable neglect" is the reason for his failure to meet the deadline in the first place. *Thompson v. E.I. Dupont Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect …" *Id*.

Setting aside the issue of whether Plaintiff had good cause for the failure to effect service within the original 120-day period, no "good cause" or "excusable neglect" could possibly exist to excuse Plaintiff's failure to effect service within the extended time period or Plaintiff's failure to move for an additional extension of time. Plaintiff's June 25, 2013 Response to the Show Cause Order promised the Court that although the summons had gone "unnoticed until recently," it was "ready to be served immediately pending the Court's determination on the Plaintiff's request for an extension of time," which was granted that same day. (Dkt. No. 8, at 2; Dkt. No. 9.) But Plaintiff did not mail the summons to the U.S. Attorney until August 15, 2013. (Dorsey Decl. ¶ 5, 7.) "[S]uch attorney neglect … does not constitute good cause for plaintiff's failure to serve timely the [defendants]." *Mused v. U.S. Dep't of Agric. Food & Nutrition Serv*., 169 F.R.D. 28, 34 (W.D.N.Y. 1996).

"[T]hough leniency may sometimes be appropriate for those who have in good faith attempted timely service, to afford it to litigants who have failed to make even the most basic efforts would turn Rule 4(m) into a toothless tiger." *Knorr v. Coughlin*, 159 F.R.D. 5, 7

(N.D.N.Y. 1994) (quotations omitted).  Here, Plaintiff made no effort to serve Defendants within the extended time period for service, nor has Plaintiff requested an additional extension of time to serve Defendants.  Plaintiff has no reason for the failure to serve the United States, other than Plaintiff's own inexcusable neglect, and therefore, another discretionary extension of a service period that has already expired is without merit.

**IV.    Conclusion**

For the foregoing reasons, the United States respectfully requests that this Court grant their Motion to Dismiss the claims against them for Plaintiff's failure to serve them within the time periods specified by Rule 4(m) or this Court's June 25, 2013 Order.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
Jakarra J. Jones
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
ph (410) 209-4800
fax (410) 962-2310
Jakarra.Jones@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on November 18, 2013, a copy of the foregoing Motion to Dismiss was caused to be served by filing that document with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be mailed by first class mail, postage prepaid, to those identified as nonregistered participants.

                                                                                                                                    /s/_____
                                                             Jakarra J. Jones
                                                             Assistant United States Attorney