IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SILVIA G. MARTINEZ                :

                                  :

    v.                            :   Civil Action No. DKC 13-0237

                                  :

UNITED STATES OF AMERICA, ET AL.  :

**MEMORANDUM OPINION**

Presently pending in this Federal Tort Claims Act case is the motion of the United States to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). (ECF No. 17). The issues have been fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.[1]

Plaintiff Silvia G. Martinez filed her complaint on January 23, 2013. (ECF No. 1). Summonses were issued the next day. (ECF No. 2). After several months passed and Plaintiff had not filed documentation that the summons and complaint were served, this court requested a status report addressing the issue of service on May 28, 2013. (ECF No. 3). Again, nothing was filed by Plaintiff. Consequently, on June 13, 2013, Plaintiff was

---

[1] The United States also filed a motion for a stay of the scheduling order. (ECF No. 18). That motion will be denied as moot.

issued an order to show cause why her complaint should not be dismissed pursuant to Rule 4(m) and Local Rule 103.8.a. (ECF No. 4). Eight days later, Plaintiff's counsel filed the following: "Plaintiff, by her undersigned attorneys respectfully requests that this Honorable Court grant an extension for Plaintiff to serve the Defendants." (ECF No. 6). On June 24, 2013, that request was denied without prejudice to renewal with a statement of reasons why service should be extended. (ECF No. 7). Plaintiff's counsel filed his statement of reasons the next day. He stated that he had changed his primary email address and thought he had updated the court's ECF system to reflect this change, but apparently had not as the notice of the issuance of the summons had gone unseen until recently. Plaintiff's counsel represented that the error had been corrected and that the summons was ready to be served immediately pending the Court's determination on the Plaintiff's request for an extension of time. (ECF No. 8). On June 25, 2013, Plaintiff's request was granted and she was granted an additional thirty (30) days to serve Defendants. (ECF No. 9).

On November 18, 2013, the United States filed a motion to dismiss for failure to serve the summons and complaint within the deadline provided by the June 25, 2013 order. (ECF No. 17). Defendant provided a declaration by a mail clerk for the U.S. Attorney's office in Baltimore that Plaintiff's complaint and

summons were received on August 15, 2013, twenty days after the extended deadline. (ECF No. 17-1). In response, Plaintiff's counsel does not directly address the belated service, but instead represents that he thought he had successfully updated his email address in ECF on June 25, 2013, but apparently had not because ECF still had his former email address as his contact information. He stated that he only learned of the motion after receiving a copy from Plaintiff on December 2, 2013. Plaintiff's counsel states that he has now definitively corrected the problem and submits that this computer error is sufficient to establish good cause for his delay. (ECF No. 19).

Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If a plaintiff "shows good cause for the failure" to comply with the 120-day deadline, Rule 4(m) provides that the time for service must be extended for "an appropriate period."

To establish good cause, the plaintiff generally must exercise reasonable diligence in trying to effect service. *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F.Supp.2d 432, 439 n.9 (D.Md. 2001). Good cause may be found, for example, where a defendant is evading service; where the

plaintiff experienced difficulty in obtaining a defendant's proper address; where court staff misdirected a *pro se* plaintiff as to the appropriate procedure for service; or where a plaintiff was unaware of the defect in service until after the deadline expired. *Hoffman v. Balt. Police Dep't,* 379 F.Supp.2d 778, 786 (D.Md. 2005). The common thread in all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule. *See Burns,* 166 F.Supp.2d at 439 n.9. Additionally where – as here – a plaintiff does not seek an extension of time until after the deadline, she must also show that the delay resulted from "excusable neglect." Fed.R.Civ.P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.").

Plaintiff's counsel has failed to show "good cause" or "excusable neglect" for his failure to satisfy the service deadline. His explanations center on why he had not received the pending motion to dismiss; he provides no explanation as to why he failed to serve timely the summonses. If he is trying to say that it was the ECF issues that caused the failure to receive the June 25, 2013 order, it is unclear how he managed to receive the June 24, 2013 order that he provide further reasons

why the deadline to serve should be extended. Either the email update was successful or he found out about this order by checking the docket because he submitted a response to the June 24, 2013 order the very next day. If it was the latter, that fact alone should have alerted him that something was awry and he needed to be more diligent in correcting the problem or checking the docket. Furthermore, this is not a situation like that in *Fernandes v. Craine*, --- F.App'x ---, 2013 WL 4427809 (4th Cir. Aug. 20, 2013), where the United States Court of Appeals for the Fourth Circuit found the magistrate judge in error because there was nothing in the record to suggest that counsel was aware of any computer problems or that he was willfully blind to the status of the electronic docket. *Id.* at *2. This case, by contrast, is more akin to *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403 (4th Cir. 2010). Plaintiff's counsel was aware of computer problems and should have been monitoring the docket. This expectation is especially salient here, as the motion for additional time to complete service was straightforward and the court had demonstrated its practice of responding promptly. Plaintiff's counsel has not adequately explained these failures, let alone shown "good cause" for an extension of the deadline to serve Defendants.

Consequently, the complaint will be dismissed without prejudice pursuant to Rule 4(m). The record does not reflect

whether the Postal Service has resolved Plaintiff's administrative claim, an event that might affect whether Plaintiff may initiate another civil action within the applicable statute of limitations. The Federal Tort Claims Act states that a tort claim against the government "shall be forever barred unless . . . action is begun within six months" after the relevant federal agency denies the plaintiff's administrative claim. 28 U.S.C. § 2401(b). A separate section provides that a plaintiff can deem his claim denied if the agency fails to provide a final disposition within six months after filing of the claim with the agency. 28 U.S.C. § 2675(a). Plaintiff choose the latter route, filing her claim in this court six months after filing her claim with the agency and before the agency had issued a final disposition. Although the Fourth Circuit has not addressed the interplay of these two provisions, many courts have held that a plaintiff deeming a claim denied and filing a lawsuit does not start § 2401(b)'s six-month limitations period. *Parker v. United States*, 935 F.2d 176, 177-78 (9th Cir. 1991); *see also Pascale v. United States*, 998 F.2d 186, 192-93 (3d Cir. 1993) ("As long as a claimant files an administrative claim within two years of its accrual and the agency does not send notice of final denial, the claimant may wait indefinitely before filing suit"). A federal agency may actually deny a claim at any time, however, and that actual

denial starts §2401(b)'s six-month clock. Such a denial may come even after a plaintiff has previously deemed it constructively denied and filed a tort claim in federal court. In other words, "the option to 'deem' a claim constructively denied evaporates once the agency actually denies the claim," because "[t]here is nothing to deem once the agency formally acts." *Ellison v. United States*, 531 F.3d 359, 363 (6th Cir. 2008); *Lehman v. United States*, 154 F.3d 1010, 1015 (9th Cir. 1998) ("neither the passage of six months from the presentation of a tort claim to an agency nor the claimant's filing of an action under [§ 2675(a)] terminates or suspends the agency's authority to issue a written notice of final denial of the claim. When an agency properly mails a written notice of final denial, the six-month statute of limitations begins to run."); *Mizrach v. United States*, Civ. No. WDQ-11-1153, 2012 WL 2861367, at *3-4 (D.Md. July 10, 2012) (finding that plaintiff could deem his claim denied any time six months after filing with the agency, but only until the agency issued a formal denial, which starts the six-months clock to file a lawsuit).

    A separate order will follow.

                                                  /s/
                              DEBORAH K. CHASANOW
                              United States District Judge